*In re* NYDIA GONZÁLEZ ORTIZ, querellada.

*Número:* CP-2002-2          *Resuelto:* 2 de junio de 2004

*Roberto J. Sánchez Ramos*, procurador general; *Nydia González Ortiz*, abogada querellada; *Eli B. Arroyo*, comisionado especial.

PER CURIAM: El 18 de junio de 2002 el Procurador General presentó una querella contra la Lcda. Nydia González Or-

tiz, en la cual le imputa un cargo por violación al Canon 18 de Código de ética Profesional, 4 L.P.R.A. Ap. IX. éste, entre otras cosas, requiere de todo abogado el "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".

En la querella presentada, el Procurador General alegó que la Sra. Ada E. Ortiz Pérez contrató los servicios de la licenciada González Ortiz para recibir asesoramiento legal y presentar una petición de quiebra corporativa ante el Tribunal de Quiebras de la Corte de Distrito Federal para el Distrito de Puerto Rico. Según arguyó el Procurador General, la *única* diligencia realizada por la abogada, en cumplimiento de dicha encomienda, ante el Tribunal de Quiebras fue cumplimentar el formulario requerido (petición) para solicitar la quiebra.

El Procurador General nos señaló, además, que la abogada querellada nunca llenó la solicitud de empleo requerida bajo la Sec. 327 de la Ley de Quiebras, 11 U.S.C.A. sec. 327, y la Regla 2014 del Reglamento de Procedimientos ante el Tribunal de Quiebras (Reglamento de Quiebras), *Puerto Rico Rules of Court — Federal*, [St. Paul], Ed. West Group, 2004, págs. 329–330, por lo que alegadamente nunca fue autorizada por el tribunal para ser abogada de la quejosa. Alegó, además, que la querellada no asistió a la reunión de acreedores que se lleva a cabo en los casos de Capítulo 11 de la Ley de Quiebra, 11 U.S.C.A. sec. 1103, y que el informe sobre los activos y pasivos de la corporación y el informe sobre asuntos financieros requeridos por la Sec. 521 de la Ley de Quiebras, 11 U.S.C.A. sec. 521, nunca fueron presentados.

Indicó el Procurador, por último, que la moción de desestimación presentada por uno de los acreedores en el caso de quiebras *no* fue contestada por la abogada y que la solicitud de quiebra fue desestimada finalmente. El Procura-

dor General señala que en el expediente del caso *no* constan las gestiones realizadas por la querellada para obtener los documentos necesarios para cumplimentar la petición de quiebra, excepto por una carta enviada a la parte quejosa.

La licenciada González Ortiz presentó oportunamente su contestación a la querella en la que expuso su versión de lo acontecido. El 17 de junio de 2002, mediante resolución, nombramos Comisionado Especial al Lcdo. Elí B. Arroyo, para que recibiera y escuchara la prueba que habría de ser presentada por las partes y rindiera un informe ante este Tribunal con las determinaciones de hecho que entendiera procedentes y las recomendaciones que estimara necesarias.

La vista evidenciaria ante el referido Comisionado se celebró el 12 de noviembre de 2002. A ella comparecieron como testigos la querellante Ada E. Ortiz Pérez y la querellada licenciada González Ortiz. Así las cosas, y luego de celebrada la referida vista, el Comisionado Especial rindió su informe.

Sometido el caso ante nuestra consideración, y contando con el beneficio del informe del Comisionado Especial y del Procurador General, así como con la contestación de la abogada querellada, resolvemos.

I

De las determinaciones de hechos a las que llegó el Comisionado Especial, luego de analizar tanto la prueba testifical como documental presentada ante sí, se desprende que la querellante Ortiz Pérez contrató los servicios profesionales de la querellada para presentar una petición de reorganización (Capítulo 11 de la Ley de Quiebras) para la corporación Marina Multiproducts Inc., la cual había sido demandada en desahucio. Surge, además, que el mismo día en que se encontraba señalado el juicio en el caso por

desahucio —el 28 de enero de 2000— la querellada Gonzá-
lez Ortiz *presentó* la petición de reorganización ante el Tri-
bunal de Quiebras y, cuando ya se había dictado sentencia
en rebeldía en el caso de desahucio, los procedimientos
quedaron paralizados. Cabe señalar que para este procedi-
miento la aquí querellada obtuvo un pago inicial de $3,000
por parte de la querellante, más los costos de presentación.

Así las cosas, el Tribunal de Quiebras señaló para el 6
de marzo de 2000 la reunión de acreedores y una vista
sobre el estado de los procedimientos (*status conference*).
De acuerdo con las determinaciones del Comisionado Espe-
cial, avaladas por la prueba documental que consta en au-
tos, la vista no se celebró por razones personales de la
Jueza asignada al caso. De igual forma, de la prueba docu-
mental surge que la querellada no asistió a la reunión de
acreedores por razones de enfermedad. Surge, además, que
la querellada padece de asma y que el día para el cual se
encontraba pautada la referida reunión ésta sufrió un ata-
que de asma. Además, el Comisionado concluyó que la au-
sencia a dicha reunión *no* afectó adversamente el caso de
quiebras ni causó perjuicio a la corporación deudora y pe-
ticionaria ante el Tribunal de Quiebras.

El Comisionado Especial determinó, además, que la res-
ponsabilidad de cumplimentar la solicitud para emplear
un abogado recae sobre el deudor en posesión, es decir en
la querellante.[1] El Comisionado encontró, también, que la
querellada González Ortiz cumplimentó la solicitud de em-
pleo ante el Tribunal de Quiebras, según se dispone en la
Regla 2014 del Reglamento del Tribunal de Quiebras, *su-
pra*; sin embargo, en ese momento el caso ya había sido
desestimado. Ello no obstante, el Comisionado determinó
que lo anterior no afectó en forma alguna el caso de
quiebras.

Por otro lado, y respecto a la alegación de que la licen-

---

[1] *In re Fruit Intern, Inc.*, 87 B.R. 769 (Bkrtcy.D.P.R. 1988); *In re Engel*, 124
F.3rd. 567 (3er Cir. 1997).

ciada González Ortiz falló en no presentar el informe de los activos y pasivos de la corporación y el informe sobre los asuntos financieros, el Comisionado Especial determinó que si bien es cierto que la querellada no anejó dichos documentos en la petición de quiebra, esto no impidió que el Tribunal de Quiebras aceptara la petición y emitiera la orden de paralización. Ello en vista de que no existe una obligación estatutaria de que dichos informes acompañen la petición de quiebra. Véase Regla 1007 del Reglamento del Tribunal de Quiebras, *op. cit.*, pág. 328. Estimó el Comisionado, además, que la razón por la cual dichos documentos nunca se presentaron ante el Tribunal de Quiebras es atribuible a la querellante, ya que ésta alegadamente no produjo la información necesaria a pesar de los diversos requerimientos de la querellada para cumplimentar dichos formularios.

Con relación a la alegación de que la querellada no contestó la moción de desestimación incoada por uno de los acreedores de la corporación, el Comisionado Especial incurrió en error al confundir la referida moción con otra moción incoada por el mismo acreedor para que se asumiera o rechazara cierto contrato de arrendamiento. De esta forma, el Comisionado indicó erróneamente que no se respondió esta moción porque la querellante Ortiz Pérez entendió que el contrato de arrendamiento era "leonino" y que no deseaba asumirlo.[2] Precisa aclarar que del expediente del caso surge con claridad que la única moción de presentación existente, *la cual no fue contestada*, se fundamentó en la falta de presentación de los informes sobre

---

[2] En los casos de quiebra donde existen contratos de arrendamientos vigentes, el deudor tiene la opción de asumir o rechazar dichos contratos. Ello no obstante, un contrato que no se asuma en el término dispuesto por ley se entiende rechazado. Véase 11 U.S.C.A. sec. 365. En este caso el acreedor Western Shopping Center Norte, Inc. presentó una moción para que se asumiera el contrato de arrendamiento o, en su defecto, se rechazara. Además, presentó una moción de desestimación donde solicitó se desestimara el caso por la falta de presentación de los informes requeridos por la Ley de Quiebras. La moción de asumir el contrato de arrendamiento nada tiene que ver con la moción de desestimación incoada.

activos y pasivos de la corporación y sobre los estados financieros y *no* en fallar en asumir el contrato de arrendamiento.

En cuanto al hecho mismo de la desestimación, el Comisionado Especial determinó que ésta era atribuible exclusivamente a la negligencia y falta de cooperación de la querellante, ello en vista de que ésta jamás proveyó la información necesaria para preparar y presentar los informes antes mencionados. Cabe señalar que el Comisionado Especial, fundamentándose en el testimonio de la querellada, consideró probado que ésta realizó gestiones para obtener la información necesaria para someter los informes, sin éxito.

En fin, el Comisionado Especial determinó que la querellada no incurrió en conducta violatoria del Canon 18 del Código de ética Profesional, *supra, y, por tal razón, recomendó la desestimación y el archivo de la querella.*

## II

Anteriormente hemos analizado la naturaleza de la función encomendada a un Comisionado Especial designado por este Foro para atender una querella incoada contra un abogado. A esos efectos, hemos determinado que corresponde al Comisionado Especial recibir la prueba, así como evaluar y dirimir la evidencia conflictiva. *In re Morales Soto*, 134 D.P.R. 1012 (1994). En ese sentido, el Comisionado ocupa el papel del juzgador de instancia y, por lo tanto, "está en mejor posición para aquilatar la prueba testifical". íd., pág. 1016. Es por ello que sus determinaciones de hecho basadas en dicha *prueba testifical* merecen nuestra mayor deferencia. *In re Soto López*, 135 D.P.R. 642 (1994).

Ello no obstante, hemos expresados en diversas ocasiones que este Tribunal *no* está obligado a aceptar el informe del Comisionado Especial nombrado para atender

la querella contra un abogado; *esto es, podemos adoptar, modificar o rechazar tal informe.* Véase: *In re Sepúlveda, Casiano,* 155 D.P.R. 193 (2001); *In re López de Victoria Brás,* 135 D.P.R. 688 (1994); *In re Soto López,* supra; *Vélez Ruiz v. E.L.A.,* 111 D.P.R. 752 (1981). Hemos señalado, sin embargo, que si las determinaciones de hecho contenidas en el informe del Comisionado Especial *están sostenidas* por la prueba obrante en autos, *no* las alteraremos sin una demostración de prejuicio, parcialidad o error manifiesto por parte de éste. *In re Soto Colón,* 155 D.P.R. 623 (2001); *In re Arroyo Fernández,* 133 D.P.R. 364 (1993); *In re Rivera Arvelo y Ortiz Velázquez,* 132 D.P.R. 840 (1993); *In re Colton Fontán,* 128 D.P.R. 1 (1991).

Un examen minucioso del expediente de este caso revela que ciertas determinaciones de hecho del Comisionado *no hayan apoyo en la prueba que obra en autos.* En primer lugar, del expediente del caso surge claramente que la moción de desestimación, la cual *no* fue contestada por la abogada querellada, claramente se refería a la falta de presentación de los informes requeridos por la Ley de Quiebras. Dicha moción *no* se fundamentó, como expresa el Comisionado en su informe y como explica la querellada en su contestación a la querella, en la falta de asumir cierto contrato de arrendamiento. Es por ello que la razón que detalla el Comisionado y la querellada para *no* haber contestado la moción de desestimación —que el contrato de arrendamiento no se iba a asumir— *no* justifica en forma alguna la falta de contestación a la moción de desestimación.

■ De igual forma, precisa señalar que este Tribunal en diversas ocasiones ha establecido que cuando un cliente no entrega los documentos pertinentes y necesarios para la tramitación de un caso *un abogado no puede cruzarse de brazos.* Véanse: *In re Guadalupe, Colón,* 155 D.P.R. 135 (2001); *In re Cruz Tollinche,* 112 D.P.R. 699 (1982). Hemos señalado que cuando un cliente no coopera con el abogado, éste debe renunciar a su representación legal. Íd. Somos

del criterio que el hecho de que, en el presente caso, la desestimación de la petición de quiebras aparentemente se debió a la falta de cooperación de la querellante *no* excusa totalmente a la abogada de responsabilidad por la falta de diligencia desplegada en este asunto.

Del expediente surge que, en relación con la moción de desestimación incoada por el acreedor Western Shopping Center Norte, Inc. —mediante la cual solicitó la desestimación del caso por falta de presentación de los informes de pasivos y activos de la corporación y los informes de estados de cuenta— el Tribunal de Quiebras concedió treinta días a la parte deudora para contestar esta moción. De los autos *no* surge comunicación escrita alguna, de parte de la querellada González Ortiz, en la cual requiriera a su cliente los referidos documentos y le advirtiera sobre la posible desestimación de su caso. *Tampoco* surge que la querellada haya solicitado prórroga ante el Tribunal de Quiebras para contestar la referida moción. *No* podemos avalar la actitud de dejadez de la abogada querellada bajo estas circunstancias.

Del mismo modo, si bien es cierto que la parte querellante no cooperó con la abogada en la forma que debió hacerlo, también es cierto que la querellada *no actuó* diligentemente al recibir la notificación de que se estaba solicitando la desestimación del caso de quiebras. Si la querellada entendía que le era imposible continuar con el caso por la falta de cooperación de la querellante Pérez Ortiz, debió haber renunciado a la representación legal de ésta. *In re Guadalupe, Colón*, supra; *In re Cruz Tollinche*, supra. *No lo hizo*; en su lugar se cruzó de brazos ante la inacción de su clienta dejando así que se desestimara su petición de quiebra. Con este proceder la querellada violentó las disposiciones del Canon 18 de ética Profesional, *supra*.

Al considerar, sin embargo, que esta es la primera querella que se presenta contra la abogada, *consideramos apropiado una mera amonestación a la Lcda. Nydia Gon-*

*zález Ortiz, con la advertencia de que en el futuro debe ejercer mayor diligencia en la defensa de los intereses de sus clientes.* Estamos seguros de que la mera presentación de la querella en su contra debe haber hecho meditar profundamente a la querellada sobre el alcance de su actuación deshonesta y servirle de experiencia para ser más cuidadosa en el descargo de su responsabilidad profesional futura.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.