EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Edmundo Ayala Oquendo | 2005 TSPR 201 165 DPR _____ |

Número del Caso: CP-2003-19

Fecha: 22 de diciembre de 2005

Abogado del Querellado:

Por Derecho Propio

Oficina del Procurador General:

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edmundo Ayala Oquendo

CP-2003-19

PER CURIAM

San Juan, Puerto Rico, a 22 de diciembre de 2005.

El licenciado Edmundo Ayala Oquendo, en adelante el licenciado Ayala, fue admitido al ejercicio de la abogacía el 26 de junio de 1985 y al ejercicio del notariado el 2 de septiembre de 1986.

El 25 de septiembre de 2001 fue presentada contra el referido abogado una queja por el señor Concepción Rodríguez Rosario, en adelante el señor Rodríguez. Veamos los hechos acaecidos que dieron pie al ejercicio de nuestra jurisdicción disciplinaria.

El 23 de agosto de 1996, el señor Rodríguez, representado por el licenciado Máximo Rivera Carmona, presentó una demanda de daños y

perjuicios y nulidad de escritura en el Tribunal de Primera Instancia, Sala superior de Humacao, contra la sucesión de la señora Agustina Castro López, el señor Francisco Alcocer López, su esposa, la señora Rosa Rodríguez y la sociedad legal de gananciales compuesta por ambos, el señor Narciso Ríos Ortiz, su esposa, la señora Lydia Laborde Ríos y la sociedad legal de gananciales compuesta por ambos, así como en contra del Scotiabank. A esta demanda se le asignó el número NAC96-0093. El señor Rodríguez alegó en la demanda que para los meses de mayo y agosto de 1980 sostuvo conversaciones con la señora Agustina Castro López para comprarle un inmueble en el municipio de Fajardo. Alegó, además, que le pagó a la señora Castro, a través de la intermediaria "India Realty", la cantidad de $65,000, de la cual entregó parte en efectivo y el resto lo evidenció mediante pagarés que reflejan lo adeudado, garantizado por hipoteca el cumplimiento de tal obligación. De igual manera, expuso que para el mes de agosto de 1980, la señora Castro vendió el referido inmueble a los esposos Alcocer Rodríguez. Alegó el señor Rodríguez que posteriormente los esposos Alcocer Rodríguez le vendieron por la cantidad de $32,5000 una participación de una mitad en común pro-indiviso del referido inmueble cuando él entendía que había comprado la totalidad del mismo. Por otra parte, solicitó el desahucio de los esposos Ríos Laborde, toda vez que éstos ocupaban el

inmueble para la fecha en que se presentó la demanda. El foro primario dictó sentencia sumaria parcial desestimando la demanda. El foro a quo no determinó que existiera temeridad por parte del demandante, aquí quejoso. Mediante **acuerdo verbal**, el señor Rodríguez contrató los servicios profesionales del licenciado Ayala para que éste presentara un recurso de apelación ante el anterior Tribunal de Circuito de Apelaciones para revisar tal desestimación. El foro intermedio apelativo, una vez presentado el recurso, le asignó el número KLAN 1998-0249. Los honorarios pactados, de **forma verbal**, por los servicios profesionales del licenciado Ayala ascendieron a la cantidad de $3,000. Las partes contratantes acordaron que los pagos se harían a plazos. Entre los meses de febrero a mayo de 1998, el señor Rodríguez hizo catorce (14) pagos hasta satisfacer la cantidad acordada. El foro intermedio apelativo confirmó la referida sentencia del Tribunal de Primera Instancia. Dicho foro intermedio no concluyó que hubiera temeridad del demandante de autos ante el Tribunal de Primera Instancia y ante sí. Inconforme, el señor Rodríguez, representado por el licenciado Ayala, acudió en alzada ante nos mediante recurso de *certiorari*, al que le asignamos el número CC-98-628. Declinamos expedir el auto solicitado. Lo determinado originalmente por el Tribunal de Primera Instancia se convirtió en final y firme.

Posteriormente, el señor Rodríguez, representado por el licenciado Ayala, presentó una demanda ante el Tribunal

de Primera Instancia, Sala Superior de Fajardo, en la cual incluyó como demandados al señor Narciso Ríos Ortiz, su esposa, señora Lydia Laborde y la sociedad legal de gananciales compuesta por ambos, al señor José Raúl Peréz Bernabé y a su esposa, quien se denominó como Juana Doe y a la sociedad legal de gananciales compuesta por ambos. En esta nueva demanda, el señor Rodríguez planteó que los esposos Ríos Laborde adquirieron por compraventa, de los esposos Alcocer Rodríguez, la mitad de la participación de éstos en el referido inmueble, ubicado en Fajardo, que, según el señor Rodríguez, le pertenecía en su totalidad. Se trajo como codemandado al señor Pérez Bernabé debido a que éste, en calidad de abogado notario y propietario de "India Realty", asesoró al señor Rodríguez en cuanto al precio y al financiamiento para adquirir el referido inmueble en el municipio de Fajardo. A esta acción se le asignó el número <u>NAC99-0031</u>. Para la representación legal de este caso, el señor Rodríguez acordó, <u>por escrito</u>, contratar los servicios profesionales del licenciado Ayala. El contrato fue suscrito el 12 de marzo de 1999. En el mismo se incluyó una cláusula en la cual se indicaba que el licenciado Ayala percibiría $3,000 por representarlo en tal procedimiento. Esta cantidad se habría de pagar en 2 plazos de $1,500. Asimismo, en el contrato se estableció, por escrito, que la cantidad de $3,000 **no incluía el trámite apelativo**, en caso de que recayera sentencia adversa al demandante, o sea, al señor Rodríguez. Éste

pagó la mitad de los honorarios el 12 de marzo de 1999 y acordó saldar la otra mitad para el día en que el caso se viera en sus méritos. El 6 de marzo de 2000, día en que el Tribunal de Primera Instancia atendió el caso número NAC99-0031 en sus méritos, el señor Rodríguez pagó el balance de $1,500 que le debía al licenciado Ayala. El foro primario desestimó la demanda. El Tribunal de Primera Instancia no concluyó que hubiera mediado temeridad del demandante de autos, aquí quejoso. A instancias del señor Rodríguez, el licenciado Ayala radicó un recurso de apelación ante el anterior Tribunal de Circuito de Apelaciones. A ese caso se le asignó el número KLAN 2000-1002. Debido a que el contrato suscrito entre las partes **no incluía honorarios por trámites apelativos**, las partes pactaron el pago de $1,000 por el recurso de apelación ante el foro intermedio apelativo. Esta cantidad le fue pagada al licenciado Ayala el 11 de abril de 2001. El anterior Tribunal de Circuito Apelaciones revocó la decisión del foro primario en el caso número NAC99-0031, toda vez que determinó que la parte allí apelante, aquí quejosa, representada por el licenciado Ayala, tenía una reclamación válida que debía ventilarse en sus méritos y no debía desestimarse.

Para esta misma fecha, el señor Rodríguez le indicó al licenciado Ayala que había extraviado los recibos por los 14 pagos, que en su totalidad sumaban $3,000, que aquél le había hecho a éste en virtud del recurso apelativo presentado por el licenciado Ayala en el caso

número <u>KLAN 1998-0249</u>, recurso de apelación presentado para revisar la sentencia del Tribunal de Primera Instancia en el caso número <u>NAC96-0093</u>. El licenciado Ayala le extendió el referido recibo por la cantidad de $3,000 a la vez que **señaló, mediante una anotación, que la cantidad en cuestión era por el pago de los servicios prestados en el primer recurso de apelación** ante el anterior Tribunal de Circuito de Apelaciones, o sea en el caso número <u>KLAN 1998-0249</u>. Luego de dictada la sentencia revocatoria por el entonces Tribunal de Circuito de Apelaciones, en el caso número KLAN 2000-2002 el señor Rodríguez le pidió el expediente de su caso al licenciado Ayala, toda vez que se disponía contratar otra representación legal.[1]

Así las cosas, el 25 de septiembre de 2001, el señor Rodríguez presentó una queja contra el licenciado Ayala en la que señaló que éste le había cobrado honorarios en exceso de lo pactado. Alegó que el licenciado Ayala le cobró $10,000, o sea, $7,000 en exceso de lo pactado. Esto en virtud de que, según manifestara el señor Rodríguez, las partes solamente pactaron los servicios profesionales del licenciado Ayala en el caso número <u>NAC99-0031</u> ante el Tribunal de Primera Instancia, por el cual se acordó el pago de $3,000.

---

[1] El 22 de diciembre de 2001, el licenciado Benito Gutiérrez Díaz radicó ante el Tribunal de Primera Instancia una moción en la que indicaba que asumía la representación legal del señor Rodríguez.

El 14 de noviembre de 2001, el Procurador General rindió un informe donde concluyó que no había evidencia para concluir que el licenciado Ayala había representado inadecuadamente los intereses de su cliente en la tramitación del caso número NAC99-0031 ante el Tribunal de Primera Instancia. Luego de estudiar la documentación de la queja concernida, el Procurador General recomendó el archivo de la misma. Posteriormente, en atención a la Resolución que emitimos el 15 de febrero de 2002, para que se reexaminara el expediente del primer caso, número NAC99-0031 ante el Tribunal de Primera Instancia, el Procurador General rindió un "Informe Suplementario" el 26 de marzo de 2002 en el que señaló que los honorarios de abogado cobrados por el licenciado Ayala no guardaban proporción con las gestiones realizadas por éste en representación de su cliente. Señaló que los escritos presentados al tribunal en el referido caso fueron alrededor de siete (7), que los mismos constaban de 3 ó 4 páginas como máximo y que la controversia del mismo no envolvía cuestiones noveles o de una gran dificultad en derecho. El 5 de septiembre de 2003 ordenamos al Procurador General que formulara la correspondiente querella en virtud de lo dispuesto en la Regla 14(e) de nuestro Reglamento.

El Procurador General formuló querella contra el licenciado Ayala, el 13 de noviembre de 2003. Le imputó el cargo siguiente:

**PRIMER CARGO**

> El licenciado Edmundo Ayala Oquendo
> violentó los principios enunciados en el
> canon 24 de los de Ética Profesional, 4
> L.P.R.A. Ap. IX C. 24 al cobrar honorarios
> excesivos a la gestión rendida a favor de
> su cliente. No debe olvidar el letrado
> que nuestra profesión es una parte
> integral de la administración de la
> justicia y no un mero negocio o profesión
> con fines de lucro. El abogado no debe
> estimar su gestión profesional en más de
> lo que vale.

El 1 de diciembre de 2003, el querellado presentó un escrito titulado "Contestación a Querella". Arguyó que el cargo formulado en su contra en la querella no estaba sostenido en hechos ciertos. Por el contrario, señaló que la alegación del señor Rodríguez era infundada, maliciosa y premeditada al alegar que cobró honorarios en exceso. Sostuvo que el cargo imputado no era meritorio como una violación ética, toda vez que las cantidades cobradas correspondían a tres casos distintos. Arguyó que cobró $3,000 por llevar la apelación número KLAN 1998-0249 ante el foro intermedio apelativo, en el que intervino como abogado del quejoso por primera vez; $3,000 por el caso civil número NAC99-0031 ante el Tribunal de Primera Instancia y $1,000 por la apelación ante el anterior Tribunal de Circuito de Apelaciones para revisar la sentencia del foro primario en ese último caso, que se le asignó el número KLAN 2000-1002 por el anterior Tribunal de Circuito de Apelaciones. Por otro lado, arguyó que

entregó al señor Rodríguez un nuevo recibo por la cantidad de $3,000 el 11 de abril de 2001, toda vez que éste había extraviado los recibos de los pagos hechos por éste por concepto de los servicios profesionales prestados en el primer caso, número KLAN 1998-0249 ante el anterior Tribunal de Circuito de Apelaciones. El querellado señaló que los $7,000 cobrados por los tres casos, a saber KLAN 1998-0249, NAC99-0031 y KLAN 2000-1002, fueron generosos, toda vez que empleó todas sus destrezas como abogado para llevar los mismos, dos de ellos a nivel apelativo, uno de los cuales estuvo ante la consideración de este Foro. Finalmente, el querellado señaló que los honorarios de abogado devengados fueron razonables debido al alto costo de la litigación civil en Puerto Rico. Solicitó la desestimación de la querella o en la alternativa el señalamiento de una vista evidenciaria para presentar prueba en apoyo de sus alegaciones.

El 15 de enero de 2004, designamos Comisionado Especial al Honorable Wilfredo Alicea López, ex Juez Superior, para recibir y evaluar la prueba a ser presentada por las partes. El Comisionado Especial señaló conferencia con antelación al juicio para el 21 de abril de 2004. En dicha conferencia las partes acordaron presentar prueba testifical y documental, a saber los testimonios del señor Rodríguez, el licenciado Ayala y todas las facturas y recibos cursados entre éstos. De igual manera, el Procurador General solicitó que fueran

elevados ante la consideración del Comisionado Especial copia de los autos del caso número NAC99-0031 ante el Tribunal de Primera Instancia, así como copia de los autos de la queja AB-2001-207, presentada por el señor Rodríguez en contra del licenciado Ayala. Finalizada la conferencia con antelación al juicio se señaló vista evidenciaria para el 3 de junio de 2004. Después de celebrada la referida vista, el Comisionado Especial rindió su informe el 4 de octubre de 2004. Al formular sus determinaciones de hechos, evaluó la **prueba oral presentada**, estipulaciones de las partes, documentos presentados en evidencia, la queja, la querella, las contestaciones a las mismas y los pronunciamientos judiciales relacionados con los hechos que dieron lugar a la formulación de la querella por el Procurador General.

Pasemos a evaluar, como cuestión de umbral, lo que contempla y dispone el canon 24 de Ética Profesional.[2]

El contrato de servicios profesionales de un abogado puede ser catalogado como uno de arrendamiento de servicios.[3] Éste puede ser visto como una variación del contrato de arrendamiento.[4] No obstante, debemos puntualizar que el contrato de servicios profesionales de un abogado, contrario a cualquier otro acuerdo de

---

[2] 4 L.P.R.A., Ap. IX, C. 24.

[3] Art. 1473 del Código Civil, 31 L.P.R.A. sec. 4111. Véase, además, Ramírez Segal & Látimer v. Rojo Rigual, 123 D.P.R. 161, 171 (1989).

arrendamiento de servicios, está supeditado a unas exigencias éticas, de suma importancia para nuestra profesión.[5] Es por ello que se considera uno de naturaleza *sui géneris*. [6]

El Canon 24 de Ética Profesional, *supra*, señala los aspectos que se consideran al momento de fijar los honorarios de los abogados. Entre éstos se encuentran la naturaleza de la gestión, la novedad y la dificultad del asunto a resolver, la habilidad y el conocimiento necesario para conducir el caso adecuadamente, el tiempo y trabajo requerido, los honorarios que se acostumbran a cobrar por servicios similares, la cuantía envuelta, la contingencia o certeza de la compensación, y la naturaleza de la gestión profesional, entre otros.[7] Al iniciar su gestión profesional, todo abogado debe tomar en consideración lo que señala el Canon 24, *supra*, a los efectos de que "es deseable que se llegue a un acuerdo sobre los honorarios a ser cobrados por el abogado al inicio de la relación profesional y que dicho acuerdo sea reducido a escrito".

Por otra parte, nada impide que se otorguen **contratos verbales** entre los abogados y sus clientes, "ni que un

---

[4] Art. 1434 del Código Civil, 31 L.P.R.A. sec. 4013. Véase, además, <u>Pérez v. Col. Cirujanos Dentista de P.R.</u>, 131 D.P.R. 545, 552 (1992).

[5] <u>In re: Barlucea Cordovés</u>, 2001 T.S.P.R 147, 2001 J.T.S. 144, 155 D.P.R. ____ (2001); <u>Nassar Rizek v. Hernández</u>, 123 D.P.R. 360, 369 (1989).

[6] <u>Nassar Rizek v. Hernández</u>, *supra*.

[7] <u>In re: Barlucea</u>, *supra*.

contrato de honorarios ambiguo no sea válido y susceptible de interpretación."[8]   Si bien es cierto que los contratos verbales son válidos, éstos tienen riesgos mayores de suscitar malentendidos entre el cliente y su abogado.

Pasemos a considerar las recomendaciones del Comisionado Especial a los efectos de determinar si el querellado cobró honorarios de abogado en exceso y en consecuencia, infringió el Canon 24 de Ética Profesional, *supra*, el que obliga a todos los miembros de la profesión jurídica en Puerto Rico.

Celebrada vista evidenciaria, luego de evaluar la prueba **testifical** y documental presentada por las partes, los expedientes de los casos número NAC99-0031, ante el Tribunal de Primera Instancia, el número KLAN 2000-1002 y el número KLAN 1998-0249 ante el entonces Tribunal de Circuito de Apelaciones, en los que el querellado representó al señor Rodríguez, el Comisionado Especial rindió su informe.   Concluyó que el querellado cobró $7,000 en honorarios por la representación legal del señor Rodríguez en los referidos casos.   Expuso que de dicho monto, $3,000 correspondían a los servicios prestados en el caso número NAC99-0031 ante el Tribunal de Primera Instancia.   Indicó, además, que de los restantes $4,000, $3,000 fueron por concepto de la representación profesional en el caso número KLAN 1998-0249 ante el anterior Tribunal de Circuito de Apelaciones.   Concluyó

---

[8] Ramírez Segal & Látimer v. Rojo Rigual, *supra*, pág. 172.

que el monto remanente de $1,000 fueron los honorarios percibidos por la representación legal en el caso número KLAN 2000-1002 ante ese mismo foro intermedio apelativo. Asimismo, concluyó que el Procurador General no sostuvo con prueba que le mereciera crédito que el señor Rodríguez le haya entregado al querellado $3,000 en exceso a los $7,000 que éste pactó y pagó por los servicios profesionales prestados por el licenciado Ayala. Finalmente, con el beneficio de la prueba **testifical** ante su consideración, el Comisionado Especial concluyó que los honorarios de $7,000, cobrados por el querellado, tanto en el caso ante el foro primario, como en los dos recursos ante el anterior Tribunal de Circuito de Apelaciones, fueron justos y razonables.

Es responsabilidad del Comisionado Especial, designado por este Tribunal en un caso disciplinario, atender las querellas presentadas por el Procurador General contra un abogado, así como recibir la prueba, evaluar y dirimir los conflictos de prueba. Este funcionario ocupa el rol de juzgador de primera instancia, por lo que está en mejor posición de aquilatar la prueba **testifical** presentada.[9] Sus determinaciones de hechos, basadas en **prueba testimonial** merecen nuestra mayor deferencia. Cuando las mismas están sostenidas por la evidencia que obra en nuestro

---

[9] *In re: González Ortiz*, 2004 T.S.P.R. 86, 2004 J.T.S. 90, 162 D.P.R.___(2004); *In re: Morales Soto*, 134 D.P.R. 1012 (1994).

expediente, no habremos de intervenir, en ausencia de una demostración de pasión, prejuicio, parcialidad o manifiesto error en la apreciación de la prueba.[10]

No hemos encontrado nada en el expediente que justifique que intervengamos con las determinaciones de hechos formuladas por el Comisionado Especial. Las mismas se encuentran apoyadas en la evidencia presentada y admitida. Concluimos que la presunción sobre su corrección no ha sido rebatida.

Coincidimos con la determinación fáctica del Comisionado Especial a los efectos de que los $7,000, cobrados por el querellado por representar al señor Rodríguez fue una cantidad justa y razonable por concepto de honorarios de abogado. El querellado representó al señor Rodríguez en el caso número KLAN 1998-0249 ante el anterior Tribunal de Circuito de Apelaciones para revisar la sentencia emitida por el foro primario en el caso número NAC96-0093. De igual manera, representó al señor Rodríguez ante nos en el caso número CC-98-628, recurso de certiorari presentado para revisar la sentencia del foro intermedio apelativo en el referido caso número KLAN 1998-0249. Asimismo, el querellado representó al señor Rodríguez ante el foro primario en el caso número NAC99-0031 y posteriormente ante el Tribunal de Circuito de apelaciones en el caso número KLAN 2000-1002 para revisar la sentencia dictada

---

[10] In re: González Ortiz, *supra*.

por el foro primario en ese caso. En total, el querellado representó al aquí quejoso en cuatro recursos judiciales, en tres instancias distintas. Estamos impedidos, en esta etapa y dentro de un procedimiento disciplinario, dirimir si hubo o no temeridad de parte del querellado en su desempeño profesional como abogado del quejoso, señor Rodríguez en los referidos casos. Lo determinado en esos casos advino final y firme. El foro primario, el intermedio apelativo y este Tribunal no concluyeron que hubiera mediado temeridad alguna de la parte demandante de autos.

Le recordamos a los miembros de la clase togada la norma contenida en el Canon 24 de Ética Profesional, *supra,* a los efectos que es deseable que se llegue a un acuerdo sobre los honorarios de abogado a ser cobrados, al inicio de la relación profesional, y que dicho acuerdo **sea reducido a escrito**. La práctica más deseable y la mejor forma de los abogados evitar disputas con sus clientes sobre los términos y condiciones de una relación profesional se alcanza reduciendo a escrito los contratos de servicios profesionales.

IV

Por los fundamentos antes expuestos, exoneramos al querellado del cargo formulado por el Procurador General.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

                                    CP-2003-19

Edmundo Ayala Oquendo


                    SENTENCIA

        San Juan, Puerto Rico, a 22 de diciembre
        de 2005.

            Por los fundamentos antes expuestos
        en la Opinión Per Curiam que antecede,
        la cual se hace formar parte íntegra de
        la presente, exoneramos al querellado
        del cargo formulado por el Procurador
        General.  Se ordena el archivo de este
        asunto.

            Notifíquese    personalmente    al
        querellado con copia de la Opinión que
        antecede y de esta Sentencia.

            Lo acordó el Tribunal y certifica
        la Secretaria del Tribunal Supremo.


                Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo