EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Liliana Morell Bergantiños | 2016 TSPR 128<br><br>195 DPR ____ |
| --- | --- |

Número del Caso: CP-2015-2

Fecha: 15 de junio de 2016

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General Interina

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Abogada de la Querellada:

      Por Derecho Propio

Comisionada Especial:

      Hon. Jeannette Ramos Buonomo

Materia: La suspensión será efectiva el 21 de junio de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Liliana Morell Bergantiños        CP-2015-2

PER CURIAM

En San Juan, Puerto Rico, a 15 de junio de 2016.

La Oficina de la Procuradora General de Puerto Rico presentó una querella sobre conducta profesional contra la Lcda. Liliana Morell Bergantiños. La querella imputaba la violación a los Cánones 18 y 38 del Código de Ética Profesional.[1] Los hechos que originan estas imputaciones surgen como consecuencia de una queja sobre alegadas actuaciones que culminaron en la desestimación de la causa de acción de la quejosa. Por entender que el proceder de la letrada se apartó de lo que prescriben los referidos cánones, procede ejercer nuestra facultad disciplinaria. Veamos.

_____

[1] 4 LPRA Ap. IX, Cs. 18 y 38 (2012).

I

La Lcda. Liliana Morell Bergantiños (querellada o licenciada) fue admitida al ejercicio de la abogacía el 18 de enero de 1996 y al ejercicio del notariado el 29 de enero de 2004. El 3 de mayo de 2010 la Sra. María Silva Arroyo (señora Silva Arroyo o quejosa) presentó una queja contra la licenciada Morell Bergantiños. En síntesis, la señora Silva Arroyo alegó que el 18 de agosto de 2008 contrató los servicios de la licenciada Morell Bergantiños para que la representara, tanto a ella como a su esposo, el señor Rivera Camacho, en una acción de deslinde, reivindicación y daños, contra un vecino colindante. De acuerdo a la quejosa, la licenciada Morell Bergantiños faltó a su deber de diligencia en la tramitación del aludido caso. En lo atinente, señaló que el Tribunal de Primera Instancia desestimó con perjuicio su causa de acción por falta de trámite en los últimos seis (6) meses. La quejosa aduce que luego de que la abogada le notificó la determinación del foro de primera instancia, ésta le expresó su interés en apelar. Sin embargo, luego de presentar el correspondiente recurso de apelación, el Tribunal de Apelaciones lo denegó por falta de jurisdicción. Ello debido a que el recurso se presentó transcurridos 33 días desde la notificación de la Sentencia. En atención a lo anterior, el 23 de agosto de 2013 emitimos una Resolución mediante la cual referimos el asunto a la Oficina de la Procuradora General.

Así las cosas, el 23 de septiembre de 2013 la Oficina de la Procuradora General presentó su informe, en el cual señaló que la licenciada Morell Bergantiños incurrió en violaciones a los Cánones 18 y 38 del Código de Ética Profesional, supra. Visto el informe, mediante Resolución dictada el 25 de abril de 2014, le ordenamos a la Oficina de la Procuradora General presentar la querella contra la licenciada Morell Bergantiños.

En cumplimiento con el mandato de este Tribunal, el 10 de febrero de 2015, la Oficina de la Procuradora General presentó la correspondiente querella. En ésta le imputó a la licenciada Morell Bergantiños la infracción a los Cánones 18 y 38 del Código de Ética Profesional, supra. La Oficina de la Procuradora General sostuvo que la licenciada Morell Bergantiños quebrantó los preceptos del Canon 18 al no ejercer el deber de diligencia, capacidad y responsabilidad requerida cuando el caso civil cuyo trámite le fue encomendado fue objeto de un archivo por falta de trámite y gestión de su parte. Asimismo, la Oficina de la Procuradora General señaló que lo dispuesto en el Canon 38 fue trasgredido, toda vez que los hechos antes señalados constitutivos de falta de responsabilidad, cuidado y diligencia de parte de la abogada en el desempeño de su profesión y en la protección de los intereses de su cliente en nada exalta el honor y la dignidad de la profesión que ejerce.

Luego de varios trámites procesales, la licenciada Morell Bergantiños contestó la querella incoada en su contra. En lo pertinente, expresó que luego de haber presentado la demanda le requirió a la señora Silva Arroyo la contratación de un perito ya que éste era necesario para presentar efectivamente las alegaciones y contestar un interrogatorio cursado por la parte demandada mediante una reconvención. Sin embargo, adujo que luego de tal requerimiento perdió contacto con la señora Silva Arroyo ya que ésta última dejó de comunicarse con su oficina. Ante esa circunstancia, alegó que el 21 de diciembre de 2008 solicitó una prórroga al Tribunal de Primera Instancia para dar tiempo a la quejosa de contratar el perito y continuar con el trámite de su caso. No obstante, señaló que el 6 de julio de 2009 contestó el interrogatorio luego de que "por fin, según [su] requerimiento" la señora Silva Arroyo pudo contratar al perito.

En vista de lo anterior, el 9 de julio de 2015 designamos a la Hon. Jeannette Ramos Buonomo, exjueza del Tribunal de Apelaciones, como Comisionada Especial para que recibiera la prueba y nos emitiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinente. Celebrada la vista, la Comisionada Especial concluyó que la licenciada Morell Bergantiños contravino con los Cánones 18 y 38 del Código de Ética Profesional, supra, al no desplegar la diligencia debida en el trámite de las causas de acción de la señora Silva Arroyo. Luego de

evaluar los atenuantes y agravantes, nos recomendó censurar enérgicamente a la querellada y que le apercibiéramos sobre la posibilidad de imponerle una sanción más rigurosa en un futuro. Luego de exponer el trasfondo fáctico y procesal que precede, enmarquemos esta controversia dentro del derecho aplicable.

## II

Consistentemente hemos expresado que "todo miembro de la profesión legal tiene el deber de diligentemente defender los intereses de su cliente con un trato profesional caracterizado **por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez**".[2] Asimismo hemos señalado que los abogados y las abogadas deben cumplir estrictamente con las exigencias plasmadas en los Cánones de Ética Profesional, supra. En lo pertinente al caso ante nos, el Canon 18 establece que

> [s]erá impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado **defender los intereses del cliente diligentemente**, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. (Énfasis nuestro).

---

[2] In re Meléndez Figueroa, 166 DPR 199, 206 (2005). (Énfasis suplido). Véase además, In re Alonso Santiago, 165 DPR 555, 562-563 (2005); In re Martínez Miranda, 160 DPR 263, 266 (2003).

Este canon le impide al abogado o abogada actuar de forma indiferente y sin la diligencia requerida en dicho canon.[3] Al definir el término diligencia, se ha mencionado que "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia".[4] Entre las situaciones prácticas discutidas por este Tribunal y que ponen en evidencia una violación a este deber está el ejercer cualquier tipo de actuación negligente que resulte en la desestimación o archivo del caso.[5] Es por ello, que el abogado tiene un deber de competencia, cuidado y diligencia que ha de ejercer al tramitar los asuntos encomendados por su cliente.[6] Por consiguiente, "el letrado que acepta representar a un cliente, pero no hace gestión profesional con ese propósito, comete una violación ética".[7]

Por consiguiente, hemos sido enfáticos al reiterar el ineludible deber que tiene todo abogado y toda abogada de defender los intereses de su cliente con el compromiso de emplear "la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez".[8] Más aun, es indispensable que el abogado o abogada le indique al

---

[3] In re Pizarro Colón, 151 DPR 94, 105 (2000).
[4] Véase In re Amill Acosta 181 DPR 934, 940 (2011) citando a S. Steidel Figueroa, Ética y Responsabilidad del Abogado, San Juan, Pubs. JTS, 2010, pág. 179.
[5] Íd.
[6] In re Reyes Coreano, 190 DPR 739, 751 (2014).
[7] Íd. pág. 750
[8] In re Amill Acosta, supra, pág. 939. Véase, además, In re Rivera Ramos, 178 DPR 651, 664 (2010); In re Cuevas Velázquez, 174 DPR 433, 442 (2008).

tribunal las gestiones que realizó para comunicarse con su cliente y solicitar oportunamente, ser relevado de la representación legal, si ello fuera necesario.[9]

Por otro lado, el Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. Además, este Canon en lo pertinente dispone que "[p]or razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable (…)". Por ello, en un sinnúmero de ocasiones, hemos señalado que cada abogado representa la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce.[10]

De otra parte, en In re Rivera Nazario, 2015 TSPR 109, 193 DPR __ (2015) este Tribunal señaló que al considerar la sanción a imponerse por una violación a los Cánones de Ética Profesional, supra, se podían tomar en consideración los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) su historial previo; (iii) si

---

[9] In re Ramos Hernández, 183 DPR 647, 655 (2011); In re Muñoz Morell, 182 DPR 738, 752 (2011).
[10] In re Morales Lozada, supra, pág. 244 (2015); In re Guemárez Santiago, 191 DPR 611, 620 (2014); In re Santiago Ríos, 172 DPR 802, 822 (2007); In re Quiñones Ayala, 165 DPR 138, 145 (2005); In re Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re Ortiz Brunet, 152 DPR 542, 556 (2000).

esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) el resarcimiento al cliente, y (viii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien según los hechos.[11]

Asimismo, hemos expresado que las determinaciones de hechos realizadas por un Comisionado Especial merecen nuestra deferencia.[12] No obstante, dicha deferencia aplica cuando las determinaciones de hechos están basadas en prueba testifical, pues es cuando el Comisionado Especial se encuentra en una mejor posición para aquilatar la prueba.[13] Empero, "cuando esas determinaciones estén basadas en la prueba documental que obra en el expediente, el tribunal revisor está en igual posición que el Comisionado Especial y por ende puede adoptar, modificar o rechazar tal informe".[14] Por tal razón, este Tribunal no tiene la obligación de sostener el informe presentado por un Comisionado Especial, salvo que se demuestre pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba.[15]

---

[11] In re Cotto Luna, 187 DPR 584, 593 (2012); In re Plaud González, 181 DPR 874, 887-888 (2011).
[12] In re Vera Vélez, 192 DPR 216, 228 (2015).
[13] Íd.; In re González Ortiz, 162 DPR 80, 85 (2004).
[14] In re García Ortiz, supra, pág. 521.
[15] In re Vera Vélez, supra, pág. 228; In re De León Rodríguez, 190 DPR 378 (2014); In re García Ortiz, supra, pág. 521; In re García Aguirre, 175 DPR 433, 442 (2009).

Establecido el marco doctrinal aplicable, procedemos a determinar si la querellada incurrió las violaciones imputadas.

## III.

Luego de evaluar con detenimiento el expediente, coincidimos con la Comisionada Especial en cuanto a que la licenciada Morell Bergantiños infringió lo dispuesto en los Cánones 18 y 38 del Código de Ética Profesional, supra. Según lo expuesto, la licenciada Morell Bergantiños justificó su falta de diligencia por el hecho de que la señora Silva Arroyo dejó de comunicarse con su oficina. A tales efectos, no podemos avalar el argumento de la querellada en cuanto a su justificación por no haber dado seguimiento al trámite del pleito que tenía ante sí. El hecho de que la quejosa hubiera dejado de comunicarse con su oficina no es motivo para desentenderse de la causa de acción de su cliente. En este sentido, en In re Muñoz, Morell, ante el incumplimiento de un abogado con su deber de informar los asuntos importantes del caso, expresamos que éste no queda eximido de tal responsabilidad por el hecho de que el cliente se tornó inaccesible.[16] Ante esta circunstancia, es necesario que el abogado o la abogada le indique al tribunal las gestiones que realizó para comunicarse con su cliente.[17]

Además, surge del expediente y de la prueba recibida, que, en efecto, existía comunicación entre la quejosa y la

---

[16] In re Muñoz Morell, supra, pág. 758.
[17] Íd.

querellada. Así, los correos electrónicos que obran en autos contradicen las alegaciones de la licenciada Morell Bergantiños en cuanto a que perdió comunicación con la señora Silva Arroyo. La prueba demostró que la letrada no se desempeñó de forma competente, capaz y diligente al ni siquiera mantener informado al Tribunal de Primera Instancia de las dificultades que la querellada enfrentaba para lograr la cooperación oportuna de parte de su cliente. Al no hacerlo, incumplió con el término dispuesto para que se adjudicara el caso, lo que, eventualmente, desembocó en la desestimación de la demanda. Ante esta situación, la querellada debió solicitar el relevo de la representación legal. De los hechos se desprende que no tan sólo los trámites fueron inoportunos, sino que las gestiones llevadas a cabo resultaron infructuosas, insuficientes e ineficaces. Ciertamente, su desempeño dista mucho de ser uno responsable, diligente y competente como lo exigen los Cánones de Ética Profesional que rigen a la clase togada. En atención a lo anterior, compartimos el criterio de la Comisionada Especial en el sentido de que la querellada quebrantó los preceptos del citado Canon 38 ya que con este proceder la licenciada Morell Bergantiños en nada exaltó ni preservó el honor y la dignidad de la profesión jurídica, conforme lo requiere el mencionado precepto ético.

Cónsono con los hechos del caso ante nos, colegimos que la licenciada Morell Bergantiños faltó a los deberes impuestos por los Cánones 18 y 38 del Código de Ética

Profesional, _supra_. Así, la falta de diligencia de la licenciada Morell Bergantiños se manifestó al no actuar con la diligencia requerida en la tramitación de la causa de acción civil llevada en favor de su cliente. Esto hizo que el caso se desestimara con perjuicio y que posteriormente fuera desestimado en el foro apelativo intermedio por falta de jurisdicción. De un examen del expediente ante este Tribunal surge claramente que las determinaciones de hecho de la Comisionada Especial se sostienen con la evidencia que tuvo ante su consideración. Al respecto, no se demostró que hubo pasión, prejuicio, parcialidad o error manifiesto en las determinaciones realizadas por la Comisionada. En consecuencia, no existe razón para intervenir, ni mucho menos alterar, las determinaciones emitidas por esta. No obstante, ante el cuadro descrito y según nuestra facultad, nos vemos obligados a declinar la recomendación de la Comisionada en lo concerniente a la sanción de censura enérgica. Conceder tal solicitud, a la luz de las circunstancias particulares de este caso, tendría el peligroso efecto de soslayar un dictamen ético cuando la prueba demostró una clara y reiterada inobservancia con los preceptos éticos que rigen la profesión jurídica.

Por tal razón, procede que ejerzamos nuestra facultad inherente de regular la profesión y suspendamos del ejercicio de la abogacía y de la práctica de la notaría a la licenciada Morell Bergantiños. Entendemos que aunque la letrada aceptó su error y expresó estar arrepentida, ello

no es óbice para que este Tribunal le imponga una sanción más rigurosa.

IV.

Considerado todo lo anterior, procedemos a suspender a la licenciada Morell Bergantiños del ejercicio de la abogacía y de la notaría por el término de tres meses.

La señora Morell Bergantiños deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra protocolar y el sello notarial de la señora Morell Bergantiños y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Liliana Morell Bergantiños a través de la oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Liliana Morell Bergantiños                    CP-2015-2

SENTENCIA

En San Juan, Puerto Rico, a 15 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata de la Lcda. Liliana Morell Bergantiños de la práctica de la abogacía y de la notaría por un término de tres (3) meses por infringir los Cánones 18 y 38 del Código de Ética Profesional. 4 LPRA Ap. IX.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y el sello notarial de la señora Morell Bergantiños y entregarlos al Director de la Oficina de Inspección

de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez ordenaría la suspensión de la querellada de la práctica de la abogacía por el término de un (1) mes. Esto debido a que de los hechos particulares de este caso, unido a que ésta nunca ha sido sancionada anteriormente por este Tribunal, no se justifica una sanción más severa. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo no intervinieron.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo