*In re* RAÚL PEDRAZA GONZÁLEZ, notario.

*Número:* 3381          *Resuelto:* 16 de diciembre de 1986

*Govén D. Martínez Surís,* Director de la Oficina de Inspección de Notarías, querellante; *Raúl Pedraza González, pro se.*

## I

PER CURIAM: El Director de la Oficina de Inspección de Notarías, Lic. Govén D. Martínez Surís, nos rindió un informe expositivo de que el notario Raúl Pedraza González omitió rendir los informes notariales semanales desde marzo de 1985 hasta el 31 de julio de 1986, en contravención de la Sec. 26 de la Ley Notarial, 4 L.P.R.A. sec. 1026. Concedimos al referido notario término para que mostrara causa por la cual no deberíamos imponerle sanciones disciplinarias.

En sus escritos acepta que incurrió en las referidas deficiencias las cuales subsanó el 31 de julio de 1986. Aduce que su incumplimiento se debió a que el 31 de diciembre de 1984 —luego de una fuerte reprimenda— su secretaria renunció. Indica que su sustituta sólo duró un (1) mes. Otra laboró algún tiempo, pero cesó al conseguir otro trabajo mejor remunerado. A partir de ese momento estuvo sin secretaria hasta julio de 1985 que reclutó la actual. Durante ese período, practicó activamente la notaría, autenticó innumerables declaraciones juradas y algunas escrituras. Debido al cúmulo de trabajo, reclutó una segunda secretaria para dedicar dos horas diarias exclusivamente a la actividad notarial y cumplimentar los informes correspondientes. Informa que para abril de 1986, al serles requeridos por el Director, licenciado Martínez Surís, tenía los índices listos pero estaba en la disyuntiva de enviarlos por correo o entregarlos personalmente. Optó por el primer método. Finalmente aduce que su práctica notarial es sin lucro, al servicio de los indigentes y estudiantes. Menciona la posibilidad de renunciar a la misma.

## II

Las razones aducidas, aunque atemperan el rigor de la sanción disciplinaria, no le eximen. Los problemas secretariales y los recursos limitados de un notario, aunque comprensibles, no justifican la irrazonable dilación habida. La importancia de rendir los índices notariales, como parte integral e importante de rodear el acto de fe pública notarial con garantía de veracidad —*Mojica Sandoz* v. *Bayamón Federal Savings*, 117 D.P.R. 110 (1986)— no permiten otra conclusión.

Los pronunciamientos recientes evidencian nuestro invariable compromiso por lograr la máxima excelencia en la función notarial. *In re De Jesús Fuentes*, 117 D.P.R. 90 (1986); *In re Todd Arias*, 117 D.P.R. 10 (1986); *In re Rivera Lassen*, 116 D.P.R. 325 (1985); *In re Colón de Zengotita*, 116 D.P.R. 303 (1985).

Considerando las razones expuestas y dando entero crédito a las dificultades apuntadas por el notario, su previo historial de fiel cumplimiento, *procede sentencia que decrete su suspensión del ejercicio del notariado únicamente durante diez y ocho (18) meses y que el Alguacil General se incaute de su obra notarial para ser entregada a la Oficina de Inspección de Notarías.*