*In re* MARCO A. RIGAU, JR.

*Número:* 3616          *Resuelto:* 16 de diciembre de 1986

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías,* querellante; *Marco A. Rigau, Jr., pro se.*

I

PER CURIAM: El Director de la Oficina de Inspección de Notarías, Lic. Govén D. Martínez Surís, nos rindió un informe expositivo de que el notario Marco A. Rigau, Jr. —en contravención a lo dispuesto en la Sec. 26 de la Ley Notarial, 4 L.P.R.A. sec. 1026— omitió rendir los informes notariales semanales desde enero de 1980 hasta octubre de 1986. Nos informó además, que las gestiones telefónicas y escritas dirigidas a dicho notario habían resultado infructuosas y que éste

no había rendido los informes anuales (Regla 12 (d) de nuestro Reglamento), como tampoco notificado cambio de dirección de su oficina y residencia según requerido en la Ley Notarial, 4 L.P.R.A. sec. 1002.

Concedimos al notario Rigau, Jr., término para que compareciera por escrito a mostrar causa por la cual no debería ser suspendido de la notaría.

En su comparecencia, acepta que incurrió en las referidas deficiencias, las cuales subsanó el 7 de noviembre. Lamenta su proceder. Como no tiene explicaciones justificativas, nos pide permiso para retirarse del ejercicio de la notaría. Nos indica que su práctica fue mínima e incidental. Expone que casi todas las declaraciones juradas fueron gratuitas, nunca se han cuestionado judicialmente, y que su desempeño ha sido con total integridad y honestidad.

De los documentos ante nuestra consideración se desprende que durante ese período, efectivamente su práctica notarial estuvo cuantitativamente limitada a: once (11) escrituras[1] y sesenta y nueve (69) afidávit.[2] Ello, en cierto sentido, pone de manifiesto su inexplicable inobservancia de la Ley.

## II

Nuestros pronunciamientos recientes son claras señales de una irreversible política judicial encaminada a lograr máxima excelencia en todas las áreas del quehacer notarial. *In re Pedraza González,* 118 D.P.R. 87 (1986) ; *In re De Jesús Fuentes,* 117 D.P.R. 90 (1986) ; *In re Todd Arias,* 117 D.P.R. 10 (1986) ; *In re Rivera Lassen,* 116 D.P.R. 325 (1985) ; *In*

---

[1] Sobre transacciones tales como poderes, hipotecas, compraventa, cancelación de pagarés y otros.

[2] Certificados de incorporación, petición de quiebra, memorando de costas, certificaciones a interrogatorios, solicitudes de portar armas, licencias de tiro al blanco, traspasos de vehículos de motor, pagarés hipotecarios y otros.

*re Colón de Zengotita,* 116 D.P.R. 303 (1985). La obligación legal de rendir índices notariales forma parte integral e importante del esquema legislativo conducente a rodear el acto de fe pública con la más completa garantía de veracidad. *Mojica Sandoz* v. *Bayamón Federal Savings,* 117 D.P.R. 110 (1986).

■ El deber de todo abogado y notario, de notificar cualquier cambio de residencia o de oficina notarial —también impuesto en la Ley Notarial, 4 L.P.R.A. sec. 1002— y el de rendir un informe anual, ambos conforme la Regla 12(a) de nuestro Reglamento, son medidas necesarias adoptadas por este foro en su función rectora constitucional de regular el ejercicio de la abogacía investida de carácter público. Tienen como propósito proveer un mecanismo simple y económico de comunicación ante el aumento en espiral que ha experimentado en los últimos años la profesión de abogado.

■ En *In re Todd Arias,* supra, rechazamos aceptar la renuncia del notario que también había incumplido con el deber de notificar sus índices. Allí condicionamos su renuncia al cumplimiento previo de una sanción disciplinaria de tres (3) meses. No obstante, en el caso de autos no podemos seguir automáticamente ese curso decisorio. Aquí, la infracción notarial se extendió durante seis (6) años y nueve (9) meses. El extenso tiempo transcurrido es factor agravante que en justa metodología adjudicativa, justifica la suspensión indefinida de la notaría.

Por los fundamentos expuestos, *se dictará sentencia que suspenda al Lic. Marco Antonio Rigau, Jr., indefinidamente del ejercicio de la notaría. El Alguacil del Tribunal procederá a incautarse de su obra notarial para ser entregada al Director de la Oficina de Inspección de Notarías.* (³)

---

(³) El Secretario del Tribunal notificará la presente al Colegio de Abogados y al Departamento de Estado.

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Hernández Denton se inhibieron. El Juez Asociado Señor Rebollo López no intervino.