EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José F. Irizarry Pérez <br> Manuel Reyes Dávila | 2008 TSPR 45 <br><br> 173 DPR _____ |

Número del Caso: CP-2001-9

Fecha: 7 de marzo de 2008

Oficina del Procurador General:

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Abogados de la Parte Querellada:

        Lcdo. Harry Anduze Montaño
        Lcdo. Efraín Guzmán Mollet
        Lcdo. Guillermo Ramos Luiña
        Lcdo. David Noriega Rodríguez

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. José F. Irizarry Pérez          CP-2001-9
Lcdo. Manuel Reyes Dávila

PER CURIAM

San Juan, Puerto Rico, a 7 de marzo de 2008

El Tribunal de Apelaciones dictó sentencia el 13 de septiembre de 2000 en el caso Banco Popular de Puerto Rico v. Sucn. Rita Talavera y otros, KLAN 98-00245; en la misma refirió a este Tribunal, para la acción que entendiéramos procedente, las actuaciones de los licenciados José F. Irizarry Pérez y Manuel Reyes Dávila.[1]

Mediante Resolución a esos efectos, instruimos al Procurador General para que presentara la correspondiente querella contra los abogados antes mencionados. En la querella que se

---

[1] El Lcdo. José Fernando Irizarry Pérez fue admitido al ejercicio de la abogacía el 17 de enero de 1987. Por otro lado, el Lcdo. Manuel Reyes Dávila fue admitido al ejercicio de la abogacía el 14 de enero de 1970 y al ejercicio del notariado el 3 de septiembre de 1970.

radicara se les imputó faltar al deber de sinceridad y honradez que tiene cualquier miembro de la profesión legal para con los tribunales, las partes y sus pares, recogido en las disposiciones del Canon 35. Además, se les imputó haber quebrantado el Canon 38 por participar de una conducta profesional con apariencia impropia y por haber atentado contra el honor y la dignidad de la profesión de abogado.

Designamos como Comisionado Especial al Lcdo. Elí B. Arroyo, ex Juez Superior del Tribunal de Primera Instancia, para que recibiera la prueba pertinente y nos rindiera un informe con sus determinaciones de hecho y recomendaciones de derecho. Ambas partes comparecieron a las vistas celebradas representados por abogados, y sometieron el caso por una estipulación, la cual incluyó prueba documental. El Comisionado rindió un informe en el cual hizo una relación de los hechos probados, determinando que los querellados violaron el Canon 18 de Ética Profesional.

Los abogados querellados contestaron el informe alegando que la referida determinación era errónea por no encontrar apoyo en la prueba. Además, arguyeron que el Comisionado Especial se equivocó al no analizar las actuaciones del licenciado Irizarry Pérez bajo la Regla 65.3(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Finalmente, adujeron, que el Informe del Comisionado era contrario al debido proceso de ley, al exigirles

defenderse de unas imputaciones que no eran parte de la querella original, de las cuales no habían tenido oportunidad de defenderse.

Toda vez que el Comisionado Especial no recibió prueba oral alguna y que toda la evidencia en autos fue estipulada, este Tribunal se encuentra en igual posición para aquilatarla. *In re* Maldonado, 133 D.P.R. 346, 352 (1993). Resolvemos.

I

El Banco Popular de Puerto Rico (en adelante, el Banco) presentó ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una demanda sobre cumplimiento específico de contrato contra los ocho miembros de la Sucesión de Rita Talavera Taylor. Entre los demandados se encontraba el querellado, licenciado Irizarry Pérez, a quien le fue anotada la rebeldía, al igual que a la Sra. Sonia Irizarry Talavera (en adelante, señora Irizarry Talavera). El querellado, licenciado Reyes Dávila, compareció en autos como abogado de seis de los causahabientes.

El 26 de enero de 1998, el tribunal de instancia dictó sentencia sumaria parcial negando al Banco el remedio de cumplimiento específico de contrato, y concediendo un plazo a las partes para llevar a cabo negociaciones dirigidas a llegar a un acuerdo en cuanto al valor del inmueble, luego de lo cual señalaría una vista

de no llegarse a tal acuerdo. Del volante de la notificación de la sentencia surge que ésta fue notificada únicamente a los abogados de las partes que comparecieron en autos, a saber, al licenciado Escudero Frau, abogado del Banco y al licenciado Reyes Dávila, abogado de los demandados que no están en rebeldía. Por consiguiente, los codemandados en rebeldía no fueron notificados por el tribunal de la sentencia.[2]

Inconforme con la referida sentencia, el Banco apeló ante el Tribunal de Apelaciones. El escrito de apelación fue notificado a la representación legal de los demandados que habían comparecido, pero no a los codemandados en rebeldía. Posteriormente, el licenciado Reyes Dávila presentó ante el tribunal apelativo intermedio una moción de desestimación por falta de jurisdicción, basada en que el escrito de apelación no se había notificado al licenciado Irizarry Pérez, ni a la señora Irizarry Talavera.

El Banco replicó alegando que procedía la desestimación por el fundamento de que el recurso era prematuro, al no haber sido notificada la sentencia a los codemandados en rebeldía. La Sucesión compareció

_____

[2] Como veremos más adelante, el licenciado Irizarry Pérez argumentó que su tío, Sr. Hiram Negrón, mantenía informados a los demás miembros de la sucesión de los trámites del caso. Alegó, además, que como de costumbre, el señor Negrón informó y entregó copia de la sentencia emitida por el tribunal de instancia al licenciado Irizarry Pérez y a la señora Irizarry Talavera. Por lo tanto, afirmaron que los codemandados en rebeldía se enteraron el 29 de enero de 1998 de la sentencia dictada.

sosteniendo que la sentencia había advenido final y firme, porque el licenciado Irizarry Pérez y la señora Irizarry Talavera se habían dado por notificados el 29 de enero de 1998, al suscribir una nota en el original de la sentencia y hoja de notificación, acorde con la Regla 65.3(d) de Procedimiento Civil, ante.[3]

Ante la situación planteada, el Tribunal de Apelaciones emitió resolución requiriendo del tribunal de instancia que llevara a cabo una vista evidenciaria para aclarar el asunto de la notificación. La vista evidenciaria se celebró el 5 de mayo de 2000.

En la misma, el licenciado Irizarry Pérez alegó que desde el 30 de diciembre de 1998 hasta finales de enero de 1999 estuvo enfermo de gravedad. Luego de recuperarse, compareció ante la Secretaria General del Tribunal de San Juan, Carmen L. López Cruz, para solicitar información del procedimiento para darse por enterado de una sentencia por la Regla 65.3(d). La señora López Cruz nunca se había enfrentado a una solicitud bajo el referido Inciso de la Regla 65.3. Tampoco existía un procedimiento administrativo para instrumentarlo. Por lo tanto, ese día la señora López Cruz le indicó que tenía que localizar el

---

[3] La Regla 65.3(d) de Procedimiento Civil dispone:

> (d) Cualquier parte podrá darse por notificada de cualquier orden resolución o sentencia firmando en el original del documento y haciendo constar la fecha en que se ha dado por notificado.

expediente del caso en el archivo terminado y estudiar el asunto.

Según el testimonio de la Señora Eduvina Calderón, supervisora de archivo terminado desde enero de 1999, en algún momento durante ese año, posiblemente entre los meses de febrero y septiembre, el licenciado Irizarry Pérez compareció al Tribunal de Primera Instancia y escribió, de su puño y letra, en el volante de la notificación de sentencia lo siguiente:

> Yo, José Fdo. Irizarry Pérez he sido notificado de la presente sentencia y hago constar haber sido notificado desde el día 29 de enero de 1998 dándome por notificado de la presente desde el 29 de enero de 1998.
>                                    (Fdo) José F. Irizarry

Igual anotación hizo el licenciado Irizarry Pérez en el volante de la notificación de sentencia por edicto y al calce de la última página de la sentencia. Luego, la codemandada Irizarry Talavera realizó similares anotaciones en los mismos documentos.[4] Según ésta última, el licenciado Irizarry Pérez la llamó un día para reunirse e ir al Tribunal para hacer constar que ellos habían sido notificados de la sentencia. Ninguna de las anotaciones realizadas tiene la fecha en que se hicieron.[5] No obstante,

---

[4] Luego de esto, el tribunal no notificó a las demás partes que los codemandados en rebeldía habían hecho constar el haberse dado por enterados de la sentencia de acuerdo a la Regla 65.3(d).

[5] La Regla sólo exige que se anote la fecha en que la persona se da por notificado. Además, por ser un referido directo de la Secretaria del Tribunal a la directora del

la señora Irizarry Talavera testificó que fue en el año 1999, y el licenciado Irizarry Pérez insinuó la posibilidad de que hubiese ocurrido luego de estar recuperado de la enfermedad, es decir, en febrero de 1999.

El licenciado Reyes Dávila no estuvo presente cuando los codemandados antes mencionados hicieron las referidas anotaciones. El hecho de que se hicieron esas anotaciones tampoco fue objeto de notificación a los abogados de récord. Es el licenciado Irizarry Pérez quien le mencionó al licenciado Reyes Dávila, que él se había dado por notificado de la sentencia emitida. Luego el licenciado Reyes Dávila fue a Secretaría y examinó el expediente de instancia. Ello es lo que da base al escrito de la Sucesión oponiéndose a la solicitud de desestimación hecha por el Banco. Sin embargo, el licenciado Irizarry Pérez declaró que no estaba de acuerdo con la estrategia del licenciado Reyes Dávila, y que fue del Informe del Procurador General que se enteró del recurso de apelación presentado por el Banco.

A la luz de la relación de hechos que le remitiera el tribunal de instancia, de lo acontecido en la vista evidenciaria, el Tribunal de Apelaciones dictó sentencia desestimando, por prematuro, el recurso presentado. Decidió que el término para recurrir de la determinación

---

archivo terminado, no se hizo constar en el récord de visitas del archivo terminado la fecha de la comparecencia del licenciado Irizarry Pérez ante la directora del archivo, cuando suscribió la nota.

del tribunal de instancia comenzaría a transcurrir una vez secretaría notificara a todas las partes en el pleito, que los codemandados a los que se le anotó la rebeldía se dieron por notificados conforme a la Regla 65.3(d), y fuera archivada en autos dicha notificación.

## II

El Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX, requiere del abogado un deber general de sinceridad y honradez ante los tribunales, hacia sus representados y hacia los demás abogados. El abogado no puede proveer al tribunal información falsa o que no se ajuste a la verdad, ni puede tampoco ocultarle información certera que deba ser revelada. *In re María J. Busó Aboy*, res. de 26 de octubre de 2005, 2005 T.S.P.R. 162.

Para incurrir en esta falta no se requiere que se haya faltado a la verdad deliberadamente o de mala fe, con la intención de defraudar o engañar. *In re Gladys Fernández de Ruíz*, res. el 21 de abril de 2006, 2006 T.S.P.R. 73. Tampoco es necesario que se produzca un perjuicio a tercero. *Id.* No obstante, estas circunstancias podrían, junto con otras, ser pertinentes a la hora de determinar la sanción disciplinaria que ha de imponerse al abogado. *In re López de Victoria Brás*, 135 D.P.R. 688 (1994).

B

Por otro lado, el Canon 38, 4 L.P.R.A. Ap. IX, impone el deber de exaltar el honor y dignidad de la profesión. Todo miembro de la clase togada es un espejo en el cual se refleja la imagen de la profesión. *In re* Andrés J. Colberg Trigo, res. el 28 de septiembre de 2006, 2006 T.S.P.R. 148. Sus actos forman la concepción que la comunidad tiene, no solamente del abogado en particular que actúa, sino de toda la clase profesional, la cual debe representar con limpieza, lealtad y el más alto sentido de responsabilidad. *Id.* En repetidas ocasiones hemos afirmado, que la apariencia de conducta impropia puede resultar muy perniciosa al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. *In re* Vega Morales, res. el 17 de marzo de 2006, 2006 T.S.P.R. 55. En consecuencia, todo abogado, tanto en su vida privada como en el desempeño de su profesión debe evitar la apariencia de conducta impropia. *In re* Barreto Ríos, 157 D.P.R. 352 (2002).

Los Cánones de Ética Profesional establecen las pautas mínimas que deben guiar a los miembros de la clase togada en el desempeño de su delicada labor. *In re* Samuel Pagán Pagán, res. el 8 de agosto de 2007, 2007 T.S.P.R. 151. Por consiguiente, todos los abogados deben actuar a un nivel superior, y no al margen, de lo establecido por

los Cánones de Ética Profesional. *In re* Nogueras Cartagena, 150 D.P.R. 667 (2000).

Estas normas de conducta deben ser observadas por los abogados no sólo en su dimensión profesional, sino en todas las demás facetas de su vida privada. *In re* Astacio Caraballo, 149 D.P.R. 790 (1999). Estos deberes tienen que ser cumplidos aunque, el así hacerlo conlleve sacrificios personales. *In re* John T. Belk Arce y Margarita Serapión, 148 D.P.R. 685 (1999). No puede un abogado acudir al sistema de administración de la justicia si, al así hacerlo, y con el fin de adelantar sus propios intereses, falta a la verdad. *In re* Filardi Guzmán, 144 D.P.R. 710 (1998).

Por último, debemos señalar que este Tribunal ha resuelto que el criterio a utilizarse en los casos disciplinarios es el de "prueba clara, robusta y convincente, no afectada por reglas de exclusión ni a base de conjeturas." *In re* Caratini Alvarado, 153 D.P.R. 575 (2001). Ello porque en casos disciplinarios contra miembros del foro está envuelto el derecho de estos a ganarse el sustento como abogados. *In re* Libertario Pérez Rodríguez, res. el 7 de diciembre de 2007, 2007 T.S.P.R. 217.

III

El Procurador General concluyó que los abogados querellados violaron los Cánones 35 y 38 de Ética

Profesional. Tal determinación la basó en que los abogados alegadamente intentaron inducir a error al tribunal al insistir en que la apelación del Banco debía desestimarse, por el fundamento de que, al momento de presentarse la apelación en marzo de 1998, constaba que las dos partes en rebeldía habían sido notificadas de la sentencia de enero de 1998. Además, afirmó que se podía colegir de los hechos que los abogados querellados intentaron obtener la desestimación del recurso de apelación del Banco mediante mecanismos inconsistentes con la verdad y con el deber de sinceridad. No coincidimos con éste al respecto.

La Regla 65.3(d) de Procedimiento Civil exige que la parte que intente darse por notificada de cualquier orden, resolución o sentencia debe firmar en el original del documento, haciendo constar la fecha en que se ha dado por notificada. Como correctamente alegan los querellados, la referida disposición no exige que la parte que intente darse por notificada anote la fecha en que firmó, sino que meramente debe escribir cuando se dio por notificada. Además, no existe interpretación o guía alguna que informe sobre el procedimiento a seguir en estos casos. Menos aun existe jurisprudencia u otra norma que indique cuál información debe incluirse en la moción que informe al tribunal sobre el hecho de la notificación según la Regla 65.3(d).

Los codemandados en rebeldía testificaron en la vista evidenciaria del 5 de mayo del 2000, que ellos habían sido

notificados de la sentencia del tribunal de instancia el 29 de enero de 1998, por el Sr. Hiram Negrón. Posteriormente, el licenciado Irizarry Pérez se presentó en la Secretaría del Tribunal y preguntó cómo proceder para darse por notificado de la sentencia del tribunal de instancia. Luego de leer la Regla antes mencionada, la Secretaria lo envió al archivo terminado y se comunicó telefónicamente con la directora. Al llegar el licenciado al archivo, la directora le entregó el expediente para que hiciera la correspondiente anotación.

Por su parte, cuando el Banco replicó la moción de desestimación de la sucesión, el licenciado Reyes Dávila se comunicó con el licenciado Irizarry Pérez, para preguntarle si había sido notificado de la sentencia. Éste último le contestó que se había dado por notificado según permite la Regla 65.3(d). En ese momento, el licenciado Reyes Dávila acudió al tribunal de instancia y verificó en el expediente las anotaciones realizadas. Luego de ello, presentó la réplica a la solicitud de desestimación del Banco.

De estos hechos no se puede concluir que los referidos abogados intentaron inducir a error al Tribunal mediante mecanismos inconsistentes con la verdad. Incluso, el Comisionado Especial concluyó que no se indujo a error a nadie y que la moción de desestimación que presentó el licenciado Reyes Dávila no contenía hechos incorrectos, a pesar de hacer conclusiones de derecho

erróneas. Por todo lo antes expuesto, somos del criterio que los abogados querellados no incurrieron en violación de los Cánones 35 y 38 de Ética Profesional.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. José F. Irizarry Pérez          CP-2001-9
Lcdo. Manuel Reyes Dávila

SENTENCIA

San Juan, Puerto Rico, a 7 de marzo de 2008

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia decretando que los Lcdos. José F. Irizarry Pérez y Manuel Reyes Dávila no violaron de los Cánones 35 y 38 de Ética Profesional. Se ordena el archivo de este asunto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo